UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>  v.<br><br>STATE OF NEW YORK; KATHLEEN HOCHUL, Governor of New York, in her Official Capacity; LETITIA A. JAMES, Attorney General of New York, in her Official Capacity; MARK J. SCHROEDER, Commissioner of the New York State Department of Motor Vehicles, in his Official Capacity,<br><br>               Defendants. | Civil Action No. 25-cv-205 (AMN) (MJK) |

**PROPOSED *AMICI CURIAE* RURAL AND MIGRANT MINISTRY, INC., NEW YORK IMMIGRANT COALITION, HISPANIC FEDERATION, LATINOJUSTICE PRLDEF AND MAKE THE ROAD NEW YORK'S MOTION FOR LEAVE TO FILE AN *AMICUS* BRIEF <u>IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT</u>**

**Table of Contents**

ARGUMENT ........................................................................................................................... 1
CONCLUSION ...................................................................................................................... 7

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Andersen v. Leavitt*,
    No. 03-cv-6115, 2007 WL 2343672 (E.D.N.Y. Aug. 13, 2007) ..............................7

*Argueta v. U.S. Immigr. & Customs Enf't*,
    643 F.3d 60 (3d Cir. 2011)......................................................................................2

*C & A Carbone, Inc. v. Cty. of Rockland*,
    No. 08-cv-06459, 2014 WL 1202699 (S.D.N.Y. Mar. 24, 2014).............................7

*City of S. Miami v. DeSantis*,
    No. 19-cv-22927, 2019 WL 9514566 (S.D. Fla. Dec. 10, 2019)..............................2

*Lehman XS Tr., Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc.*,
    No. 12-cv-7935 (ALC), 2014 WL 265784 (S.D.N.Y. Jan. 23, 2014) ......................2

*Macareno v. Thomas*,
    378 F. Supp. 3d 933 (W.D. Wash. 2019).................................................................7

*Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*,
    293 F.3d 128 (3d Cir. 2002)................................................................................1, 6

*Onondaga Indian Nation v. State*,
    No. 97-cv-445, 1997 WL 369389 (N.D.N.Y. June 25, 1997) ..........................1, 2, 6

*Peters v. Jenney*,
    327 F.3d 307 (4th Cir. 2003) ...................................................................................2

*Prairie Rivers Network v. Dynegy Midwest Generation, LLC*,
    976 F.3d 761 (7th Cir. 2020) ...................................................................................6

*Pratt v. Indian River Cent. Sch. Dist.*,
    No. 09-cv-0411, 2010 WL 11681606 (N.D.N.Y. Dec. 6, 2010) ..............................1

*United States v. Rodriguez*,
    No. 21-4563, 2024 WL 1462091 (4th Cir. Apr. 4, 2024).........................................2

*United States v. Suquilanda*,
    116 F.4th 129 (2d Cir. 2024) ...............................................................................1, 2

**Statutes**

Ch. 37, 2019 N.Y. Laws ...................................................................................................2

**Other Authorities**

Local Civil Rule 7.2(b) ................................................................................................................1, 7

New York Immigration Coalition, *All New Yorkers Will Have a Green light to Drive Beginning December 16* (Dec. 9, 2019), https://www.nyic.org/2019/12/all-new-yorkers-will-have-a-green-light-to-drive-beginning-december-16/..................................................................................................................4

Pursuant to Local Rule 7.2(b), Rural and Migrant Ministry, New York Immigrant Coalition, Hispanic Federation, LatinoJustice PRLDEF and Make The Road New York ("Proposed *Amici*") respectfully move for leave to file a brief as *amici curiae* in the above-captioned action in support of Defendants' motion to dismiss the Complaint. The proposed *amicus* brief and a proposed order regarding the request to file the *amicus* brief are attached as exhibits to this motion.

## ARGUMENT

"A district court has broad discretion to grant or deny an appearance as *amicus curiae* in a given case." *Pratt v. Indian River Cent. Sch. Dist.*, No. 09-cv-0411, 2010 WL 11681606, at *2 (N.D.N.Y. Dec. 6, 2010) (citation omitted). "An *amicus* brief should normally be allowed . . . when the *amicus* has an interest in some other case that may be affected by the decision in the present case . . . or when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Id.* at *3 (quotation marks omitted). Such *amicus* submissions may benefit the Court in multiple ways, including "by explain[ing] the impact a potential holding might have on an industry or other group," *Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 132 (3d Cir. 2002) (Alito, J.) (quotation marks omitted); by "provid[ing] an additional perspective not otherwise available to the court," *Onondaga Indian Nation v. State*, No. 97-cv-445, 1997 WL 369389, at *2 (N.D.N.Y. June 25, 1997); or by presenting "potentially difficult issues so that the court may reach a proper decision," *id*. (alterations and quotation marks omitted).

For these reasons, courts in the Second Circuit routinely allow the submission of *amicus* briefs, including in matters involving immigration issues. *See, e.g.*, *United States v. Suquilanda*, 116 F.4th 129, 131 (2d Cir. 2024) (allowing LatinoJustice PRLDEF, among other organizations, to submit briefing as *amicus curiae* in a challenge to constitutionality of an immigration statute);

1

*Onondaga Indian Nation*, 1997 WL 369389 at *2 (agreeing that briefing of *amicus curiae* would assist court in ruling on defendants' motion to dismiss).

Leave to participate as *amici curiae* is warranted here because the Proposed *Amici* are knowledgeable and regular contributors to analyses of immigration issues,[1] and advocate on behalf of immigrants. For these reasons, and as set forth in the discussion of each Proposed *Amici* below, the proposed *amicus* brief should be of assistance to the Court's analysis of the issues in this case, and provide "insights not available from the parties." *Lehman XS Tr., Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc.*, No. 12-cv-7935 (ALC), 2014 WL 265784, at *2 (S.D.N.Y. Jan. 23, 2014); *see also Peters v. Jenney*, 327 F.3d 307, 319 n.13 (4th Cir. 2003).

The Proposed *Amici* are organizations uniquely positioned to provide these insights because they provide services and support to individuals who would be impacted by the outcome of this case. In particular, Proposed *Amici* provide services and support to, and on behalf of, immigrants who may have applied to receive a driver's license or learner's permit, not to be used for federal purposes ("standard licenses"), pursuant to the Driver's License Access and Privacy Act (the "Act"). *See* Ch. 37, 2019 N.Y. Laws. These individuals are referred to in this brief as "license-holders." A number of the Proposed *Amici* were also instrumental in the advocacy process leading to the passage of the Act, including previously advocating for the Act before the State legislature and in court.[2]

---

[1] *See, e.g.*, *Suquilanda*, 116 F.4th at 131; *United States v. Rodriguez*, No. 21-4563, 2024 WL 1462091 (4th Cir. Apr. 4, 2024); *Argueta v. U.S. Immigr. & Customs Enf't*, 643 F.3d 60, 61 (3d Cir. 2011); *City of S. Miami v. DeSantis*, No. 19-cv-22927, 2019 WL 9514566, at *1 (S.D. Fla. Dec. 10, 2019).

[2] *See, e.g.*, *Kearns v. Cuomo*, No. 19-3769 (2d Cir.), Dkt. No. 58 (*amicus* brief filed by Rural and Migrant Ministry, New York Immigration Coalition, Hispanic Federation and Neighbors Link, Inc.) ("Kearns *Amici* Br.").

2

Proposed *amicus* Rural and Migrant Ministry, Inc. ("RMM") is a nonprofit organization that provides programs and services to immigrant and rural communities in Suffolk, Putnam, Orange, Ulster, Dutchess, Columbia, Sullivan, Wayne, Monroe, Orleans, Cayuga, Yates, Ontario, Genessee, Livingston, Erie, and Seneca Counties. In support of the Act, RMM ran a grassroots campaign and met with legislative offices and local officials to help bring about the successful passage of the law. Additionally, RMM has historically provided transportation services to individuals in these rural communities who are now eligible for or have already acquired a license pursuant to the Act. Moreover, after the Act's passage, RMM collected anecdotes from its staffers who accompanied individuals applying for licenses in several rural geographic regions. *See* Kearns *Amici* Br. at 18-19. It therefore has insights into the interests of the individual license-holders.

Specifically, the Act has changed lives in the migrant rural community. Rural workers perform essential work throughout New York State. The law has permitted the rural community to take their children to school and to access healthcare facilities, as well as to shop for food, drive to work and engage in any other life necessities. The Act has also allowed members of this community to educate themselves on the rules of road, which in turn has a direct correlation to safer roadways, and increased the feasibility of individuals obtaining automobile insurance as required by law. For the young rural driver, the Act has reduced the need to rely on limited or non-existent public transportation or on family members who are unable to drive them to facilities of higher education. Furthermore and importantly, the Act allows migrants to obtain government-issued identification, which is often critical in obtaining other public and private services.

Proposed *amicus* New York Immigration Coalition (the "NYIC") is an umbrella policy and advocacy organization for more than 170 immigrant community-based groups in New York,

3

representing the collective interests of approximately four million New Yorkers. In 2016, the NYIC launched a statewide coalition to advocate for driver's licenses for all New Yorkers, irrespective of immigration status, because it was a top priority for its membership. As part of its advocacy efforts, and prior to the passage of the Act, the NYIC devoted substantial resources to support grassroots groups in immigrant communities to advocate for the Act. The NYIC has continued its advocacy in support of the Act since its passage and has devoted considerable resources to communication, programming, and education so that individuals have the knowledge and means to obtain a driver's license under the Act. *See, e.g.*, New York Immigration Coalition, *All New Yorkers Will Have a Green light to Drive Beginning December 16* (Dec. 9, 2019), https://www.nyic.org/2019/12/all-new-yorkers-will-have-a-green-light-to-drive-beginning-december-16/.

The NYIC has seen how the Act has allowed immigrant New Yorkers to meet their basic daily needs while resulting in economic and safety benefits for all New Yorkers. New York's roads are safer as licensing ensures that immigrants are informed of traffic laws and pass a standard driving test before being granted a license. Economic benefits directly flow from immigrants buying and leasing cars, as well as license and registration fees. Importantly, having a government-issued identification allows immigrants to meaningfully interact with New York state institutions, improving trust and cooperation. This includes being able to provide verifiable identification in case of interaction with law enforcement. For the newest immigrant New Yorkers, having a license streamlines the pathway towards family and economic stability. Many have found work in food delivery and other employment directly tied to having a license. The NYIC's work has allowed it to see how reducing the barriers to licensing has allowed for fuller social and economic integration of immigrant New Yorkers, and safer roads and communities for all.

Proposed *amicus* Hispanic Federation ("HF") is a nonprofit member organization that works to empower and advance the Hispanic community through public policy advocacy, leadership development, and community revitalization. HF also deployed a public education and media campaign aimed at educating immigrant communities about the Act, particularly in rural communities where public transportation is sparse. HF, in support of the Act, produced policy papers, including a memorandum explaining the benefits of the Act. HF also joined the Kearns *Amici* Br.

Proposed *amicus* LatinoJustice PRLDEF was founded in 1972. LatinoJustice PRLDEF's mission is to use and challenge laws to create a more just and equitable society, transform harmful systems, empower Latino communities, fight for racial justice, and grow the next generation of leaders. For over fifty years, LatinoJustice has litigated landmark cases and advanced policy reforms in areas of practice, including economic justice, and immigrants' rights. LatinoJustice has filed and participated in hundreds of briefs in support of equal opportunity, including in serving as co-counsel to the *amici* participating in the Kearns *Amici* Br.

Proposed *amicus* Make the Road NY ("MTRNY") is a nonprofit, membership-based community organization that integrates adult and youth education, legal and survival services and community and civic engagement, in a holistic approach to help low-income New Yorkers improve their lives and neighborhoods. MTRNY has over 200 staff, over 28,000 members, and five offices spread throughout New York City, Long Island and Westchester. MTRNY is at the forefront of numerous initiatives to improve civil and human rights for immigrant communities and was a leading advocate for the Act in the State Legislature, mobilizing its staff and members to travel to Albany and speak with legislators on numerous occasions. After the Act's passage, MTRNY continued to advocate with State officials around implementation and conducted

5

extensive public outreach and education, hosting information sessions in its offices; accompanying community members to DMV offices and fielding questions.

Because individual license-holders have been able to acquire licenses pursuant to the Act for the past five years, Proposed *Amici* respectfully submit that their perspective and expertise gained from their knowledge of the Act and New York's immigrant communities will assist the Court in understanding certain practical realities regarding the Act for the individuals who now hold standard licenses.  As set forth in the proposed *amicus* brief, the reportedly thousands of individual license-holders who received a standard license pursuant to the Act did so in order to drive and participate in the activities of everyday life.  Proposed *Amici* therefore respectfully believe the brief will be helpful to the Court's analysis of Defendants' motion to dismiss the Complaint.  Proposed *Amici*'s brief provides context as to why the statutory privacy and notice protections at issue in this case were and are important to individual license-holders, and the reasonable reliance those license-holders placed on the State's statutory scheme.

The fact that Proposed *Amici* may represent particular interests or viewpoints, or provide specific services, in relation to immigrants should be no basis to exclude their participation as *amici curiae*.  *See Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 976 F.3d 761, 763 (7th Cir. 2020) ("[E]ven a friend of the court interested in a particular outcome can contribute in clear and distinct ways . . . "); *Onondaga Indian Nation*, 1997 WL 369389 at *3 (noting "by the nature of things an *amicus* is not normally impartial" and "the fact that the [proposed *amicus*] may not be completely neutral is not a basis for denying its motion for leave to appear as *amicus curiae*") (internal quotations omitted).  Nor is the New York State Attorney General's representation of Defendants a reason to deny Proposed *Amici* participation.  *See, e.g.*, *Neonatology Assocs.*, 293 F.3d at 132; *see C & A Carbone, Inc. v. Cty. of Rockland*, No. 08-cv-

6

06459, 2014 WL 1202699, at *4 (S.D.N.Y. Mar. 24, 2014) (granting an *amicus*'s motion for leave to file based on its "helpful" contributions, even where "Plaintiffs [were] represented by competent counsel"). Here, the individual license-holders have their own interests in the privacy and notice protections of the Act, and Proposed *Amici* are in a position to articulate those interests, given the services they provide, for the Court's consideration at this stage in the action.

Finally, the proposed *amicus* brief—submitted pursuant to Local Civil Rule 7.2(b) within seven days of the principal brief it supports, *see* ECF No. 10 & 10-1 (filed March 25, 2025), and well before Plaintiff's opposition to the Defendants' motion to dismiss is due—will not delay resolution of this matter. And, should there be any future opposition to Proposed *Amici*'s motion, Proposed *Amici* submit that this should not operate to bar their application. Courts permit *amicus* participation notwithstanding an objection from one of the parties. *See, e.g.*, *Macareno v. Thomas*, 378 F. Supp. 3d 933, 940 (W.D. Wash. 2019); *Andersen v. Leavitt*, No. 03-cv-6115, 2007 WL 2343672, at *1 (E.D.N.Y. Aug. 13, 2007).

## CONCLUSION

For the foregoing reasons, Proposed *Amici* respectfully request that the Court grant them leave to participate as *amici curiae* in support of Defendants' motion to dismiss the Complaint.

Dated: New York, New York
April 1, 2025

**RURAL AND MIGRANT MINISTRY, INC., NEW YORK IMMIGRANT COALITION, HISPANIC FEDERATION, LATINOJUSTICE PRLDEF, AND MAKE THE ROAD NEW YORK**

*By their attorneys,*

By: */s/ Kathleen A. Reilly*

Kathleen A. Reilly (NDNY Bar No. 303039)
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY 10019-9710
Telephone: 212.836.8000
Fax: 212.836.8689
kathleen.reilly@arnoldporter.com

Michael J. Sebba (NDNY Bar No. 701344)
Arnold & Porter Kaye Scholer LLP
777 South Figueroa Street, 44th Fl.
Los Angeles, CA 90017-5844
Telephone: 213.243.4000
Fax: 213.243.4199
michael.sebba@arnoldporter.com

Francisca D. Fajana (NDNY Bar No. 706292)
LatinoJustice PRLDEF
475 Riverside Drive, Suite 1901
New York, NY 10115
Tel: 212.219.3360
FFajana@latinojustice.org

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: April 1, 2025　　　　　　　　　　　　　　/s/ Kathleen A. Reilly