

**Office of the New York State Attorney General**

**Letitia James Attorney General**

April 28, 2025

**By ECF**
Honorable Anne M. Nardacci
United States District Court
James T. Foley United States Courthouse
445 Broadway
Albany, New York 12207

Re:   *United States of America v. State of New York et al.*
No. 25-cv-205 (AMN) (MJK)

Judge Nardacci:

This office represents defendants in the above-referenced action, wherein plaintiff the United States seeks to invalidate and enjoin enforcement of provisions of New York's Driver's License Access and Privacy Act. On March 25, 2025, defendants moved to dismiss the complaint in its entirety for failure to state a claim. On April 1, 2025, the Court ordered a modified briefing schedule for that dismissal motion, extending the federal government's time to oppose defendants' Rule 12(b) motion to April 25 and defendants' time to reply to May 9. *See* ECF No. 14. On April 25, 2025, plaintiff filed its opposition and cross moved for summary judgment, supporting the latter with declarations from two federal officials involved in immigration enforcement. The docket entry for the cross-motion sets May 16, 2025 as the deadline for defendants' response. *See* ECF No. 24. However, under Local Rule 7.1(c), defendants' time to respond to the cross-motion is May 2, 2025, and defendants' response to the cross-motion must be consolidated with its reply, which is currently due May 9, 2025.

I am writing to request that the Court (1) permit defendants to file their reply on May 9, 2025, as previously ordered by the Court; and (2) stay defendants' time to respond to plaintiff's cross-motion pending the Court's resolution of defendants' motion to dismiss. Here, the parties agree that the questions that underlie plaintiff's claims—premised on preemption and the intergovernmental immunity doctrine—are legal in nature, and may be decided by the Court without resorting to extra-pleading information. *See* Pls.' Mem. of Law (ECF No. 24-1) at 15 n.4 ("the Court need not rely on the declarations" to resolve the claims "and may do so based on the predominating legal issues addressed [in the brief]"). Under the current court-ordered briefing schedule, defendants' dismissal motion will be fully briefed as of May 9, 2025, upon filing of defendants' reply, and will then be ripe for judicial resolution. Resolving defendants' pending dismissal motion first is the most expeditious and efficient way to proceed in this action.

| | |
|---|---|
| Hon. Anne M. Nardacci<br>April 28, 2025 | Page 2 of 2 |

       There is no prejudice to plaintiffs to staying defendants' time to respond to plaintiff's cross-motion at this early juncture. A judicial ruling that the complaint fails to state a claim, as contended in defendants' pending motion, would obviate further proceedings. And if any claims remain following the Court's resolution of defendants' dismissal motion, defendants should be permitted time to conduct discovery, as necessary, guided by the Court's pronouncements as to the nature and scope of any surviving claims. On the other hand, it would be prejudicial to require defendants to respond to plaintiff's Rule 56.1 statement and the factual averments underlying its declarations now, without being afforded any opportunity, at minimum, to test the veracity of the proffered evidence. Defendants' due process rights cannot be waved away merely based on the federal government's assertion that its proffered facts are "straightforward and indisputable." *Id.*

       Accordingly, defendants respectfully request that the Court (1) permit defendants to file their reply on May 9, 2025, as previously ordered by the Court; and (2) stay their time to respond to plaintiff's cross-motion, if necessary, pending the Court's resolution of defendants' dismissal motion. In the alternative, defendants request an extension of their time to file a consolidated reply and opposition through June 13, 2025, with leave to conduct discovery, if necessary, in furtherance of the response.

       Thank you for your attention and consideration in this matter.

Respectfully submitted,

/s/ Linda Fang
LINDA FANG
Special Litigation Counsel
(212) 416-8580
Linda.Fang@ag.ny.gov